OPINION
Defendant-appellant Kenneth R. Fleming appeals his conviction and sentence in the Licking County Court of Common Pleas on one count of felonious assault, in violation of R.C. 2903.11(A)(2). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On August 15, 1997, the Licking County Grand Jury indicted appellant on one count of felonious assault, in violation of R.C.2903.11(A)(2). On August 18, 1997, appellant appeared personally and without legal representation for an initial appearance hearing. Thereafter, on August 20, 1997, the trial court appointed Robin Lynn Green to represent appellant. At his arraignment on August 25, 1997, appellant entered a plea of not guilty to the charge contained in the indictment.
The matter proceeded to trial on October 27, 1997. At trial, John Soliday, the victim, testified, on the evening of May 28, 1997, he was a patron at the Cock 'n' Bull Saloon. During the course of the evening, he played a game or two of pool with appellant. As Soliday was leaving the establishment, appellant asked him for a ride home. When the two arrived at appellant's destination, appellant asked Soliday to drive him to another bar. Soliday refused. Appellant then asked Soliday for a pack of cigarettes as well as money. When Soliday refused these requests, appellant struck him.
Soliday exited his vehicle and walked around the front of the car to the passenger side. Before he reached the passenger side door, appellant had exited the vehicle and struck Soliday with a pool stick. Appellant continued to assault Soliday. When Soliday observed an approaching vehicle, he ran into the middle of the road and stopped the car. He informed the driver he needed help and asked the man to call the Sheriff. Thereafter, Soliday attempted to invoke the assistance of the occupants of a nearby house, but no one answered his knocks. As he looked around the house for signs of life, Soliday observed appellant walk away from the scene. Soliday then drove back to the bar.
Linda Wardell, a bartender at the Cock `n' Bull, testified she was working on the evening of May 28, 1997/early morning of May 29, 1997. She observed appellant and Soliday playing pool together. Somewhere between 1:15 a.m. and 1:45 a.m., she witnessed the two men leave the bar. Approximately 20 to 30 minutes later, Soliday returned to the bar covered in blood. When she saw him, Wardell asked him what had happened. Soliday recounted the incident with appellant. The manager of the saloon called the police, who arrived within 10 minutes.
John Jones, the driver whom Soliday stopped, testified, while he was traveling northbound on Summit Station Road, approaching the intersection of Summit Station and Cleveland, he observed two gentlemen in the middle of the crossroads engaged in a dispute. He stopped his vehicle to ascertain whether he could assist the men. He recalls the taller of the two men approached his car and asked him to call the police. Before driving away from the scene, Jones heard the shorter man yell something at him. He noticed the man was holding a stick approximately three feet long. Thereafter, Jones drove to a nearby phone booth, called 911, and reported the disturbance.
Deputy Tom Brown of the Licking County Sheriff's Department, was patrolling the west district of Licking County during the early morning of May 29, 1997, when he was dispatched to the area of Summit Station and Cleveland Roads. The deputy testified regarding the evidence he collected from the crime scene. Deputy Brown also testified about Soliday's identification of appellant through a photographic array as well as other witnesses' identifications of appellant.
Edwin Flemings, appellant's uncle, testified on appellant's behalf[1]. Flemings, who is a night manager at a local grocery store, explained he arrived at appellant's apartment building sometime after 1:00 a.m. on May 29, 1997. As he proceeded upstairs to visit his sister, appellant's mother, he observed a car drive onto a gravel area near the building. After the car stopped, Flemings watched appellant immediately exit the vehicle from the passenger side. Shortly thereafter, he observed the driver exit the vehicle and then shout at appellant. According to Flemings, the driver, who had retrieved a pool stick from the back seat, charged at appellant and struck appellant with the stick. Flemings watched as the two men wrestled to the ground. Ultimately, appellant pried the pool stick away from the driver. Flemings testified he did not see appellant strike the driver with the pool stick. Flemings recalled appellant fled the scene.
At the close of evidence, the trial court instructed the jury on the applicable law, including an instruction on the affirmative defense of self-defense and the lesser included offense of assault, which appellant's trial counsel requested. After hearing all the evidence and deliberations, the jury found appellant guilty of felonious assault. The trial court sentenced appellant to a determinate sentence of five years imprisonment. Via Judgment Entry dated October 29, 1997, the trial court entered a judgment on the verdict.
It is from the conviction and sentence appellant prosecutes this appeal raising the following assignments of error:
 I. THE TRIAL COURT ERRED IN ALLOWING MS. WARDELL'S HEARSAY TESTIMONY OF THE ALLEGED VICTIM'S STATEMENT THAT HE WAS ASSAULTED BY THE DEFENDANT [T., 104-105].
 II. THE DEFENSE COUNSEL PROVIDED INEFFECTIVE ASSISTANCE BY FAILING TO REQUEST A JURY INSTRUCTION FOR THE LESSER INCLUDED OFFENSE OF AGGRAVATED ASSAULT.
 I
In his first assignment of error, appellant asserts the trial court erred in allowing the testimony of Linda Wardell, who related statements made to her by John Soliday shortly after the assault. Specifically, appellant asserts Soliday's statements to Wardell do not qualify as an excited utterance because the testimony regarding Soliday's mental state was insufficient to establish he was under the stress of excitement caused by the assault.
The admission or exclusion of relevant evidence rests within the sound discretion of the trial court. State v. Sage (1987),31 Ohio St.3d 173. Therefore, we will not disturb a trial court's evidentiary ruling unless we find said ruling to be an abuse of discretion, i.e., unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. State v. Adams (1980),62 Ohio St.2d 151, 157.
Evid.R. 803(2) provides:
 Excited utterance. A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.
The controlling factor in determining whether a statement is an excited utterance is whether the statement was made under such circumstances as would reasonably show that it resulted from impulse rather than reason and reflection. State v. Smith (1986),34 Ohio App.3d 180, 190.
In determining whether a statements qualifies as an "excited utterance" under Evid.R. 803(2), the trial court must consider the following factors:
 (1) the lapse of time between the event and the declaration;
(2) the mental and physical condition of the declarant;
(3) the nature of the statement; and
(4) the influence of intervening circumstances.
 State v. Rocker (Aug. 20, 1996), Guernsey App. No. 94CA28, unreported (Citation omitted).
In Porter v. Baker (1955), 162 Ohio St. 488, para. two of syllabus, the Ohio Supreme Court established a four-part test to determine the admissibility of a spontaneous exclamation:
 Such testimony as to a statement or declaration may be admissible under an exception to the hearsay rule for spontaneous exclamations where the trial judge reasonably finds (a) that there was some occurrence startling enough to produce a nervous excitement in the declarant, which was sufficient to still his reflective faculties and thereby make his statements and declarations the unreflective and sincere expression of his actual impressions and beliefs, and thus render his statement or declaration spontaneous and unreflective, (b) that the statement or declaration, even if not strictly contemporaneous with its exciting cause, was made before there had been time for such nervous excitement to lose a domination over his reflective faculties, so that such domination continued to remain sufficient to make his statements and declarations the unreflective and sincere expression of his actual impressions and beliefs (c) that the statement or declaration related to such startling occurrence or the circumstances of each startling occurrence, and (d) that the declarant had an opportunity to observe personally the matters asserted in his statement or declaration. (Emphasis sic).
In the instant case, the admissibility of Wardell's testimony would depend upon the trial court's finding Soliday was still under the stress of the startling occurrence. See, State v.Taylor (1993), 66 Ohio St.3d 295, 303. Accordingly, we shall review the testimony of Linda Wardell. Over objections from appellant's trial counsel, Wardell testified as follows:
 Q. [Prosecutor Hottensmith] Now, did you witness the defendant and/or Mr. Soliday leave at some point?
A. Yes.
Q. Do you recall about when that was?
 A. I would say somewhere between 1:15 and maybe a quarter till 2:00.
Q. Did either of them return later?
A. John Soliday did.
Q. Would you describe that for the jury, please?
 A. The door opened and John was standing there, and his shirt was covered with blood. His face was covered with blood. He had blood dripping down his ear, and his hand was swollen.
Q. Did he come into the bar?
A. Yes, he did.
Q. Did you talk with him?
A. Yes, I did.
Q. What did he say to you?
MS. GREEN: [Appellant's trial counsel] Objection.
A. I asked him what happened.
 THE COURT: I believe overruled. Proceed. I believe it's an exception to the hearsay rule.
 A. I asked him what had happened. He had taken the--the defendant needed a ride. He didn't have a car. And the defendant was getting a little loud, I guess, and John said if he still wanted a ride, he would take him.
 When John returned, I asked him what had happened, and he said that —
 THE COURT: Hold on a second. The Court does not find the proper foundation laid yet. You may wish to lay the foundation. However, the objection will be sustained until a proper foundation is laid.
MR. HOTTENSMITH: Okay. Thank you, Your Honor.
 Q. When John returned, did you have occasion to view him?
A. Yes.
 Q. And you already described his physical appearance. By looking at him, could you tell or assume, based on what you are seeing, something had just happened?
A. Correct.
 Q. Could you, based on observing him, determine his mood or emotions at this time?
 A. Yes. He seemed disoriented, obviously distraught. I thought perhaps he had a concussion.
Q. Okay.
A. He wasn't hearing very well.
THE COURT: You may proceed.
Q. And did he tell you what had happened to him?
A. Yes, he did.
Q. What did he tell you?
MS. GREEN: I will renew my objection.
THE COURT: The objection is overruled.
 A. That the defendant had asked for cigarettes and money, and when John refused, he hit him with a pool stick. I guess the fight — John — the defendant tried to get the car keys. John grabbed them first.
MS. GREEN: I am going to object.
 THE COURT: I think it's a continuation of the last question. That was what was told. That objection was overruled at that time and carries over to this segment of the testimony. You may proceed.
MR. HOTTENSMITH: Thank you, Your Honor.
 Q. Do you have some idea of approximately how long it was that John was gone?
 A. I would say 20 to 30 minutes, which is why I became concerned because he was just going maybe three minutes down the road, if that far.
Q. You knew where they were headed?
A. Uh-huh.
Q. And it seemed to take longer than it should have?
A. Yes.
Transcript of Proceedings, pp. 103-106.
Neither the passage of time between the event and the statement nor the effect of intervening circumstances are dispositive of the issue at bar. Soliday's statement was made to Wardell soon after the "startling occurrence". After the assault, Soliday drove directly back to the bar, which is located approximately one-half mile from the scene of incident. Upon observing Soliday in the entrance of the bar, Wardell immediately ascertained the victim's version of the events. Arguably, Soliday was still under the stress of the event when he recounted the assault to Wardell. Additionally, the statements were not influenced by any intervening circumstances.
Our focus must be the mental and physical condition of Soliday at the time he made the statement, and the nature of that statement. Regarding Soliday's mental condition, Wardell described the victim as "disoriented, obviously distraught". The mere state of being "distraught and disoriented" does not necessarily meet the standard of admissibility under Evid.R. 803(2). An individual who is "excited" may also be "distraught and disoriented", however, a person can be "distraught and disoriented" without being "excited." Such state is symptomatic of the emotional distress a person may be experiencing at a particular time. The description of an individual as "distraught and disoriented" can, in certain circumstances, be sufficient to establish the requisite mental condition of a declarant. Regarding Soliday's physical condition, at the time he made the statements to Wardell, Soliday was covered in blood and suffering the aftereffects of a physical beating.
With respect to the nature of the statements, Soliday related the events of the assault to Wardell with some detail. Although the amount of detail with which a statement is given provides some indicia of reflectiveness, such detail does not establish that the statement is per se reflective and unspontaneous. A trial court must consider the amount of detail in light of all the facts and circumstances surrounding the giving of the statement in order to determine the reflectiveness.
Mindful of the fact our standard of review and in light of the totality of the circumstances, we find the trial court's admission of Wardell's testimony relating the statements Soliday made to her was not unreasonable, arbitrary or unconscionable and; therefore, not an abuse of discretion.
Appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant contends he was denied effective assistance of counsel. Specifically, appellant asserts Attorney Green was ineffective because she failed to request a jury instruction for the lesser included offense of aggravated assault.
A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness.Lockhart v. Fretwell (1993), 113 S.Ct. 838, 122 L.Ed.2d 180;Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674; State v. Bradley (1989), 42 Ohio St.3d 136.
In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley,42 Ohio St. 3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley, supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. It is with this framework in mind that we address the instances of alleged ineffectiveness of counsel raised by appellant in the instant case.
Attorney Green requested and received jury instructions for the lesser included offense of assault and for the affirmative defense of self-defense. However, she failed to request an instruction for the lesser included offense of aggravated assault. The jury instruction would have read:
 However, if you find the State failed to prove beyond a reasonable doubt all the essential elements of felonious assault, then your verdict must be not guilty of that offense. In that event, you will continue your deliberations to decide whether the State has proved beyond a reasonable doubt all the essential elements of the lesser included offense of aggravated assault.
 If all of you are unable to agree on a verdict of either guilty of not guilty of felonious assault, then you will continue your deliberations to decide whether the State has proved beyond a reasonable doubt all the essential elements of the lesser included offense of aggravated assault.
 Before you can find the defendant guilty of aggravated assault, you must find that the State has proved beyond a reasonable doubt that on or about the 29th day of May, 1997, and in Licking County, Ohio, the defendant knowingly caused or attempted to cause physical harm to John W. Soliday by means of a deadly weapon, while under the influence of sudden passion or in a sudden fit of rage, either of which was brought on by serious provocation occasioned by John W. Soliday that was reasonably sufficient to incite the defendant into using deadly force.
 4 Ohio Jury Instructions sections 413.21 503.12 (Anderson 1997).
The record contains some evidence which, if believed by the jury, would support a finding of provocation. If appellant's trial counsel had requested the aforementioned jury instruction, the trial court most likely would have instructed the jury accordingly. Since Attorney Green was under a duty to attempt to mitigate appellant's possible punishment and did not do so, we find appellant has satisfied the first-prong of his claim for ineffective assistance of counsel.
Having satisfied the first-prong, appellant must show he was prejudiced by trial counsel's failure to request the instruction. The jury was instructed on the affirmative defense of self-defense. The jury did not accept appellant's claim of self-defense. By not accepting appellant's claim of self-defense, the jury essentially rejected his version of the events. Since the jury believed John Soliday's account of the assault, i.e., appellant attacked Soliday, we do not find a reasonable probability the outcome would have been different had the jury instruction of the lesser included offense of aggravated assault been requested and received.
We overrule appellant's second assignment of error.
The conviction and sentence of the Licking County Court of Common Pleas is affirmed.
By: Hoffman, P.J. Reader, J. and Wise, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] Although related, appellant and his uncle spell their sir names differently.